**FILED**

JUN 3 0 2008

Clerk, U.S. District and
Bankruptcy Courts

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| WILMER B. GAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  0℃ 1149 |
| | ) | |
| WILLIAM K. SUTER, Clerk of Court *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Before the Court is the plaintiff's *pro se* complaint, application to proceed *in forma*

*pauperis,* motion for relief from prior orders under Rule 60(b), and motion to appoint counsel.

The Court will grant the application to proceed *in forma pauperis* and, therefore, deny the

Rule 60(b) motion as moot.  The Court will dismiss the complaint under 28 U.S.C. §1915A(b)

and, therefore, will deny the motion to appoint counsel as moot.[1]

Plaintiff is a prisoner serving a life sentence imposed in 1971 for a state conviction for

murder.  Here, the plaintiff has filed a *Bivens* action, alleging that the Clerk of the United States

Supreme Court, defendant William K. Suter, violated his civil rights by denying him access to

the Supreme Court on two petitions for mandamus that would have directed lower court federal

judges to alter their orders in two cases filed in the United States District Court for the Eastern

---

[1] This dismissal constitutes a "strike" under 28 U.S.C. § 1915(g).  Plaintiff's complaints
have been dismissed as frivolous in at least two other cases.  *See Gay et al. v. Judicial
Conference of the United States et al.*, Civil Action No. 92-2777 (D.D.C. Dec. 10, 1992)
(dismissing case *sua sponte* pursuant to provision of 28 U.S.C. § 1915(d)) and *Gay et al. v. Johns
et al.*, Civil Action No. 93-1411 (E.D. Pa. Sept. 3, 1993) (dismissing case as frivolous).

District of Pennsylvania.[2]  Plaintiff broadly asserts, without alleging any facts in support, that

Suter acted in concert with and pursuant to a conspiracy involving several lawyers who

represented the defendants in these actions, which defendants included several of his own former

court-appointed counsel.  (*See* Compl. at 6-8.)  Plaintiff's request for relief also sweeps broadly.

(*See id.* at 95-112.)  He seeks millions in compensatory and punitive damages from Suter and

each of the several named lawyers.  He also asks this Court to issue injunctions to Suter, the

lawyers, and defendant Michael Kunz, the Clerk of Court for the Eastern District of

Pennsylvania, that would have the effect of granting the relief that was denied by the two district

judges with original jurisdiction of the case.

        This complaint represents the kind of fantastic or delusional scenarios found to justify the

immediate dismissal of a complaint as frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).

As the court in *Neitzke* explained, 28 U.S.C. § 1915 accords the judge "the unusual power to

pierce the veil of the complaint's factual allegations and dismiss those claims whose factual

contentions are clearly baseless," as they are here.  *Neitzke*, 490 U.S. at 328.  Accordingly, the

complaint will be dismissed under 28 U.S.C. § 1915A(b)(1).

        There are additional grounds to dismiss the claims against the two named clerks of court.

Section 1915 also authorizes a judge "to dismiss a claim based on an indisputably meritless legal

theory."  *Neitzke*, 490 U.S. at 328.  A suit against a party that is immune is such a suit.  *Id.*; *see*

---

        [2] One case terminated in a summary judgment for the defendants, *see Gay v. Shannon et
al.,* 02-4693 (E.D. Pa. Nov. 23, 2005), and was affirmed on appeal to the Third Circuit.  The later
case terminated on a motion to dismiss for failure to state a claim upon which relief may be
granted, because the statute of limitations had expired as to some defendants, and because some
defendants were entitled to absolute immunity as judges and prosecutors. *See Gay v. City of
Philadelphia et al.*, Civil Action No. 03-5358 (E.D. Pa. Aug. 2, 2005).  The district court's orders
were affirmed by the Third Circuit on appeal.

*also* 28 U.S.C. § 1915A(b)(2) (requiring dismissal where the complaint seeks monetary relief

from a defendant who is immune from such relief). The two clerks of court named here, Suter

and Kunz, are immune from a suit for damages. *See Sindram v. Suda,* 986 F.2d 339 (D.C. Cir.

1992) (*per curiam*) (holding that "clerks, like judges, are immune from damage suits for

performance of tasks that are an integral part of the judicial process"). Furthermore, this Court

does not have jurisdiction to issue injunctive relief with respect to either clerk, as that would

interfere with another court's exclusive supervisory authority over its clerk. *See In re Marin*, 956

F.2d 339 (D.C. Cir. 1992) (*per curiam*).

Because the complaint will be dismissed as frivolous, the motion to appoint counsel will

be denied as moot.

A separate appropriate order accompanies this memorandum opinion.

Date: 6/25/2008

Ricardo M. Urbina
United States District Judge